IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK LAMONT HAMPTON, ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 12-1416 |
| ) | Judge Cathy Bissoon |
| LOUIS S. FOLINO, Superintendent State ) | Magistrate Judge Maureen P. Kelly |
| Correctional Institution of Greene, Greene ) | |
| County, PA; THE ATTORNEY GENERAL ) | |
| OF THE STATE OF PENNSYLVANIA, ) | Re: ECF No. 15 |
| Respondents. ) | |

## MEMORANDUM ORDER

Derrick Lamont Hampton ("Petitioner"), proceeding pro se, has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (the "Petition"). ECF No. 2. By means of the Petition, he seeks to challenge his state court convictions for, inter alia, Criminal Attempt to Commit Homicide, and Aggravated Assault in connection with the shooting of a police officer. Recently he has filed in this Court a Motion for Leave to Conduct Discovery (the "Motion"). ECF No. 15. Petitioner seeks a copy of all hospital/medical records, police reports, notes and all tangible material related to the wounding of police officer Michael Booth. Petitioner purportedly seeks this documentation because "it was argued to the jury that Officer Booth was shot, yet they [i.e., the prosecution] have persistently failed to produce any documents or medical records." ECF No 15 at 2. Petitioner also seeks all 911 tapes, police radio transmissions and the names of all prosecutorial investigators and experts, as well as trial counsel's "index and files identifying all investigative reports." Id. The Court ordered the Respondents to file a response, and they did so, opposing the Motion. ECF No. 17. Petitioner

then filed a Reply to the Response. ECF No. 18. For the following reasons, the Motion will be denied.

We begin with bedrock principles of habeas jurisprudence, notably, that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Williams v. Taylor, 529 U.S. 420, 437 (2000). Given this, discovery is not a matter of right in habeas cases as in other civil cases.

Rule 6 of the Rules Governing Section 2254 Cases addresses discovery for habeas cases and provides in pertinent part that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . A party requesting discovery must provide reasons for the request." As one court has explained, "'Good cause' requires a showing of specific factual allegations which demonstrate that if fully developed, would suggest that petitioner is entitled to habeas relief. . . . *Nunez v. Greiner*, 2004 WL 307264 at *2 (S.D.N.Y. February 13, 2004) (good cause not shown where petitioner had adequate opportunity to develop record during state court hearings and proceedings)." Crenshaw v. Miller, No. 02-CV-6623, 2004 WL 1040852, *1 (W.D.N.Y., March 26, 2004). Moreover, Petitioner bears a heavy burden in showing entitlement to discovery. Renis v. Thomas, No. 02Civ.9256, 2003 WL 22358799 at *2 (S.D.N.Y. Oct. 16, 2003) (petitioner "bears a heavy burden in establishing a right to discovery.").

Petitioner fails to carry that burden herein. With respect to medical records and other records concerning Officer Booth being shot, which seems to be the focus of the Motion, Petitioner fails to show "good cause," i.e., he fails to show that he did not have an adequate opportunity to develop the record during state court proceedings. Moreover, Petitioner fails to make a showing of specific factual allegations which demonstrate that if fully developed, he

would be entitled to habeas relief.  As the PCRA Court pointed out, insofar as Petitioner was convicted of Aggravated Assault, it was sufficient to merely prove that Petitioner shot at Officer Booth, not that Officer Booth was actually wounded by a bullet.  ECF No. 14-7 at 25 to 27.  This same reasoning applies to the charge of Attempted Homicide.  Commonwealth v. Anderson, 610 A.2d 1042, 1052 (Pa. Super. 1992) ("The actual infliction of serious bodily injury is not a necessary element of attempted murder, for attempted murder can be committed without inflicting the slightest degree of harm."), *rev'd on other grounds*, 650 A.2d 20 (Pa. 1994).  As to the other items, Petitioner sought to discover, Petitioner fails to relate the alleged need for these other items to any of the multiple grounds he raises for relief in his Petition.

In light of the foregoing the following order is made:

AND NOW, this 16th day of July 2013, after preliminary review of the habeas Petition, and careful consideration of the instant Motion, it is hereby ORDERED that Petitioner's Motion, ECF No. 15, is **DENIED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

*s/Maureen P. Kelly*
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Dated: July 16, 2013



cc: The Honorable Cathy Bissoon
United States District Judge

Derrick Lamont Hampton
GP-2142
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370


All counsel of Record via CM-ECF